```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
GOLDMARK, INC.,

                        Plaintiff,

        -against-

CATLIN SYNDICATE LIMITED,

                        Defendant.
------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ FEB 24 2011 ★
BROOKLYN OFFICE

**MEMORANDUM AND ORDER**
09-CV-3876 (RRM)(RER)

**MAUSKOPF, United States District Judge.**

On April 9, 2010, Plaintiff Goldmark, Inc. ("Plaintiff") filed an Amended Complaint, seeking damages from Defendant Catlin Syndicate Limited ("Defendant"). On July 21, 2010, Defendant moved to dismiss four causes of action (*see* Doc. No. 32). Defendant's motion was referred to Magistrate Judge Ramon E. Reyes. On November 22, 2010 Judge Reyes recommended that the motion be granted in full.

Currently before the Court is Judge Reyes's Report and Recommendation ("Report") (Doc. No. 41), and the parties' objections thereto (Doc. Nos. 46, 51). For the reasons stated below, the Report is adopted in part and rejected in part, the Defendant's Motion to Dismiss is GRANTED in its entirety, and Plaintiff is granted leave to amend its Complaint.

## BACKGROUND

Familiarity with the background of this litigation is assumed, and the facts, as they relate to the present objection, are therefore noted only briefly below. The facts as set forth in the Report are incorporated herein unless otherwise noted.

On April 9, 2010, Plaintiff filed an Amended Complaint, seeking damages from Goldmark's insurer, Defendant. Plaintiff sought recovery for breach of contract arising out of Defendant's failure to pay a claim for the theft of nearly $2 million in gold, and for damages

1

incurred due to Defendant's allegedly unreasonable delay in investigating that loss. The Amended Complaint sought damages of $1,969,277.79, less any deductible, plus any consequential damages, including the loss of profits and the loss of the use of funds.

On July 21, 2010, Defendant moved to dismiss four causes of action (numbers 2, 3, 4, and 5). (*See* Doc. No. 32). Defendant's motion was referred to Magistrate Judge Reyes. His November 22, 2010 Report recommended that the motion be granted in full.

On December 6, 2010, Defendant filed a "limited objection" to Judge Reyes's Report, insofar as it characterized consequential damages as independent of whether there existed bad faith. Defendant argues instead that New York law limits the availability of consequential damages for breach of insurance contract to instances where the insurer also breached an implied duty of good faith and fair dealing. In response, Plaintiff argues that Judge Reyes's statement of New York law was correct, or, in the alternative, that Judge Reyes erred in recommending dismissal of the cause of action alleging breach of the implied duty of good faith and fair dealing.

Defendant's objection correctly describes New York law regarding consequential damages. Thus, Judge Reyes's brief characterization of consequential damages – which this Court notes has absolutely no bearing on the outcome of the Motion to Dismiss at this stage – was in error. However, this Court agrees with Judge Reyes's determination that the cause of action based on breach of the implied duty of good faith and fair dealing must be dismissed as redundant to the cause of action based on breach of contract.

## STANDARD OF REVIEW

A district court may refer certain matters to a magistrate judge for a report and recommendation. *See* 28 U.S.C. 636(b)(1). The district court judge may then adopt those portions of a magistrate judge's report to which no objections have been made, and which are not

clearly erroneous. *See* Fed. R. Civ. P. 72(b); *Deleon v. Strack*, 234 F.3d 84, 86-87 (2d Cir. 2000). The district court must consider *de novo* any portion of a Report to which a timely objection has been made. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3); *see also United States v. Raddatz*, 447 U.S. 667, 674-75 (1980). The district court is not required to review factual findings or legal conclusions to which no party interposes an objection. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985).

"Normally, the judge, on application, will consider the record which has been developed before the magistrate and make his own determination on the basis of that record, without being bound to adopt the findings and conclusions of the magistrate." *Raddatz*, 447 U.S. at 674-75. Regardless of whether proper objections have been filed, the district court may, after review, "accept, reject, or modify, in whole or in part, the findings and recommendations of the magistrate judge." 28 U.S.C. § 646(b)(1); *see also* Fed. R. Civ. P. 72(b).

For the following reasons, Judge Reyes's Report is adopted in part and rejected in part. This Court adopts the Report in all respects, but excludes the language to which Defendant objects regarding consequential damages. The Court respectfully rejects the Report insofar as it fails to articulate the requirement that consequential damages, as a matter of state law, must be connected to a breach of the covenant of good faith and fair dealing.

## DISCUSSION

This Court has reviewed thoroughly the parties' submissions on the objection, as well as papers filed in connection with the underlying motions, reviewing *de novo* those aspects of the Report to which Defendant and Plaintiff have specifically objected. As to any portion of the Report to which no objections have been made, the Court concludes that the Report is not clearly erroneous. *See Pizarro v. Barlett*, 776 F.Supp. 815, 817 (S.D.N.Y. 1991). The Court respectfully

3

rejects Judge Reyes's statement of law regarding the relationship between consequential damages and the breach of the covenant of good faith and fair dealing.

I.      **Defendant's Objection**

In Judge Reyes's November 22, 2010 Report, he recommended that claims based on the implied covenant of good faith and fair dealing should be dismissed as duplicative of the first cause of action for breach of contract:

> At its core, Goldmark's argument is that pursuant to the terms of the policy, Catlin was obligated to pay the theft claim. If Goldmark is correct, then the fact that along the way to denying the claim Catlin may have violated the implied covenant of good faith and fair dealing does not affect in any way the level of damages to which Goldmark would be entitled. If the claim was improperly denied, however the improper denial occurred, Goldmark would be entitled to the actual and consequential damages it proves.

(Doc. No. 41, at 6.)

As discussed more fully below in connection with Plaintiff's objection to the R&R, this Court agrees that the Plaintiff's cause of action based upon the covenant of good faith and fair dealing should be dismissed as duplicative. However, this Court respectfully disagrees with the Report's language divorcing the implied duty of good faith from the availability of consequential damages. As Defendant points out, New York law limits the availability of consequential damages for breach of an insurance contract to instances where the insurer also breached an implied duty of good faith and fair dealing.

Under New York law, "consequential damages *resulting from a breach of the covenant of good faith and fair dealing* may be asserted in an insurance contract context, so long as [those] damages were 'within the contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *Panasia Estates v. Hudson Ins. Co.*, 10 N.Y.3d 200, 203 (2008)

4

(quoting *Bi-Economy Mkt. v. Harleysville Ins. Co. of New York*, 10 N.Y.3d 187, 192 (2008)) (emphasis added). Once a breach of the covenant of good faith and fair dealing have been asserted, the court must then "determine whether consequential damages were reasonably contemplated by the parties," by examining "'the nature, purpose and particular circumstances of the contract known by the parties . . . as well as what liability the [insurer] fairly may be supposed to have assumed consciously, or to have warranted the [insured] reasonably to suppose that it assumed, when the contract was made.'" *Bi-Economy*, 10 N.Y.3d at 193 (quoting *Kenford Co. v. Cnty. of Erie*, 73 N.Y.2d 312, 319 (1989)).

This Circuit has consistently held that *Bi-Economy* stands for the proposition that consequential damages are permitted when they derive from an insurer's bad faith refusal to pay an insured's claim and such damages were reasonably contemplated by both parties at the time of the contract's execution. *See, e.g., Simon v. Unum Grp.*, No. 07-CV-11426(SAS), 2009 WL 2596618, at *7 (S.D.N.Y. Aug. 21, 2009) ("To succeed on his consequential damages claim, [Plaintiff] must have suffered damages resulting directly from a breach of the implied covenant of good faith and fair dealing."); *Woodworth v. Erie Ins. Co.*, No. 05-CV-6344, 2009 WL 1652258, at *1 (W.D.N.Y. June 12, 2009) ("In *Bi-Economy*, the Court held that an insured may recover consequential damages resulting from an insurer's breach of the policy's covenant of good faith and fair dealing provided that such damages were within the reasonable contemplation of the parties at or before the time of contracting as the probable result of a breach."). Plaintiff's argument, therefore, that its only obligation in seeking consequential damages is to prove that such damages were reasonably contemplated at the time of execution is erroneous. Cases have virtually uniformly[1] held that, after *Panasia Estates* and *Bi-Economy*, a plaintiff simply "cannot

---

[1] Plaintiff points to the New York Appellate Division's determination that consequential damages may lie for breach of an insurance contract absent bad faith. *Panasia*, 889 N.Y.S.2d 452, 452 (App. Div. 1st Dep't 2009). The court

sustain a claim for consequential damages without showing that defendants lacked good faith in processing [plaintiff's] claim." *Simon*, 2009 WL 2596619, at *7; see also *Haym Salomon Home for the Aged, LLC v. HSB Grp., Inc.*, No. 06-CV-3266(JG)(JMA), 2010 WL 301991, at *5-6 & n.1 (E.D.N.Y. Jan. 20, 2010) ("an insured can seek consequential damages for an insurer's breach of the covenant of good faith and fair dealing"); *Woodworth*, 2010 WL 3749227, at *14-15 & n.3 ("To prevail on a claim for consequential damages under *Bi-Economy*, the insured must establish that the insurer breached the implied duty of good faith."); *Silverman v. State Farm Fire & Cas. Co.*, 867 N.Y.S.2d 881, 883 (Sup. Ct. 2008).

## II. Plaintiff's Objection

Plaintiff objects to the portion of Judge Reyes's Report recommending dismissal of Plaintiff's claim for breach of the implied duty of good faith and fair dealing. Plaintiff argues that this cause of action is not duplicative of the breach of contract claims if bad faith must be proved in order to get consequential damages.

This Court agrees with Judge Reyes's recommendation to dismiss the cause of action for breach of the implied duty of good faith. The New York Court of Appeals has recognized that "implicit in contracts of insurance is a covenant of good faith and fair dealing, such that a reasonable insured would understand that the insurer promises to investigate in good faith and pay covered claims." *Bi-Economy*, 10 N.Y.3d at 194 (internal quotation marks and citation omitted). Consequently, New York generally does not recognize a damages claim for bad faith denial of coverage because such claims would be duplicative of a claim sounding in breach of

---

there noted that the determinative issue was "whether such [consequential] damages were 'within contemplation of the parties as the probable result of a breach at the time of or prior to contracting.'" *Id.* (quoting *Bi-Economy*, 10 N.Y.3d at 192). However, New York's highest court, and District Court cases considering the issue, have held that bad faith is a necessary component of successful recovery of consequential damages. See *Bi-Economy*, 10 N.Y.3d at 192. Given this weight of authority, this Court rules with the other courts of this Circuit, and with the the New York Court of Appeals.

contract. *New York Univ. v. Continental Ins. Co.*, 87 N.Y.2d 308, 316-17 (1995); *Zawahir v. Berkshire Life Ins. Co.*, 804 N.Y.S.2d 405, 406 (App. Div. 2d Dep't 2005); *Royal Indem. Co., et al. v. Salomon Smith Barney, Inc., et al.*, 764 N.Y.S.2d 187, 188 (App. Div. 1st Dep't 2003); *Bettan v. Geico Gen. Ins. Co.*, 745 N.Y.S.2d 545, 546 (2d Dep't 2002). "New York law . . . does not recognize a separate cause of action for breach of the implied covenant of good faith and fair dealing when a breach of contract claim, based on the same facts, is also pled;" nor does it recognize "an independent cause of action for bad faith denial of insurance coverage." *Vitrano v. State Farm Ins. Co.*, No. 08 Civ. 103, 2008 WL 2696156, at *3 (S.D.N.Y. July 8, 2008) (internal quotation omitted, alteration in original).[2]

Though it is not an independent cause of action, a breach of the duty of good faith may justify the recovery of consequential damages in addition to the loss insured by the policy at issue. *Bi-Economy*, 10 N.Y.3d at 193-94. However, the recovery of consequential damages constitutes additional recovery under the contract itself, and is not – and need not be pleaded as – an independent cause of action. *Haym Salomon Home for the Aged*, 2010 WL 301991, at *5; *Bi-Economy*, 10 N.Y.3d at 193-94. Accordingly, Plaintiff's claim for consequential, extra-contractual damages is properly part of their breach of contract claim and not a separate cause of action. *See, e.g., Harris v. Provident Life and Accident Ins. Co.*, 310 F.3d 73, 80 (2d Cir. 2002) ("[u]nder New York law, parties to an express contract are bound by an implied duty of good faith, but breach of that duty is merely a breach of the underlying contract") (quoting *Fasolino Foods Co. v. Banca Nazionale del Lavoro*, 961 F.2d 1052, 1056 (2d Cir. 1992)); *Payday Advance Plus, Inc. v. Findwhat.com, Inc.*, 478 F.Supp.2d 496, 503 (S.D.N.Y. 2007) ("a breach of

---

[2] Indeed, this occurred in the *Panasia* case itself, when the Appellate Division, in considering a motion to amend Plainitff's complaint found that "the breach of contract claim that plaintiff sought to add was duplicative of its existing claim for breach of the implied covenant of good faith." *Panasia*, 889 N.Y.S.2d 452, 452 (App. Div. 1st Dep't 2009).

the implied covenant is not a separate cause of action, but is instead one way of establishing a breach of contract").

### III. Leave to Amend

Though the breach of the covenant of good faith need not be alleged as a separate cause of action,[3] a party must nonetheless adequately allege a breach in order to make out a colorable claim for consequential damages sought under the claim for breach of contract.

Rule 15(a) of the Federal Rules of Civil Procedure requires that courts freely grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a). "When a motion to dismiss is granted, the usual practice is to grant leave to amend the complaint." *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 53 (2d Cir. 1999); *see also Washington v. Kellwood Co.*, No. 05-CV-10034(DAB), 2009 WL 855652, at *5 (S.D.N.Y. Mar. 24, 2009). Absent a showing of undue delay, bad faith, or dilatory motive by the movant, undue prejudice to the non-movant, or futility, a plaintiff should be granted leave to replead. *See Protter v. Nathan's Famous Sys., Inc.*, 904 F.Supp. 101, 111 (E.D.N.Y. 1995) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Plaintiff has sufficiently alleged a breach of the covenant of good faith to possibly sustain, if successful, a claim for consequential damages, but has done so under a cause of action rightly recommended for dismissal by Judge Reyes. Such allegations relate to the potential measure of damages under the first cause of action for breach of contract. In keeping with the liberal spirit of Rule 15(a), this Court grants Plaintiff leave to amend her claim for breach of contract in order to assert claims of bad faith in their proper place. *See Osan Ltd. v. Accenture LLP*, 454 F.Supp.2d 46, 61 (E.D.N.Y. 2006) (granting plaintiff leave to amend complaint, which did not assert breach of contract claim, to add claim for breach of implied covenant of good faith

---

[3] The court in *Panasia* noted that *Bi-Economy*'s "reference to [consequential] damages as 'special' . . . was not intended to establish a requirement for specificity in pleading." *Panasia*, 889 N.Y.S.2d at 452.

and fair dealing); *see also Washington*, 2009 WL 855652, at *5; *Camp Summit of Summitville, Inc. v. Visinski*, No. 06-CV-4994(CM)(GAY), 2007 WL 1152894, at *16 (S.D.N.Y. Apr. 16, 2007).

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b) and Federal Rule of Civil Procedure 72, the Court has reviewed the parts of the Report and Recommendation [Doc. No. 41] to which there has been no objection for clear error and, finding none, concurs with those parts of the Report. *See Covey v. Simonton*, 481 F. Supp. 2d 224, 226 (E.D.N.Y. 2007). The Court has further conducted a *de novo* review of those aspects of the Report to which objections have been interposed. Upon careful consideration, this Court agrees with Defendant's "limited objection," overrules Plaintiff's objection, and grants Plaintiff leave to amend. It is hereby ORDERED that Defendant's Motion to Dismiss [Doc. No. 32] is GRANTED in its entirety. Plaintiff is GRANTED leave to amend its complaint solely for the purpose addressed in this Order, and shall so do by March 4, 2011.

SO ORDERED.

Dated: Brooklyn, New York
February 22, 2010

s/Roslynn R. Mauskopf

ROSLYNN R. MAUSKOPF
United States District Judge